**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4548**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

GRANT MASCHIL HINES,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:12-cr-00373-CCE-1)

Submitted: March 25, 2014        Decided: March 27, 2014

Before GREGORY, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Grant Maschil Hines pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Hines to fifty months' imprisonment, which was in the middle of his advisory Guidelines range. Counsel for Hines has filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal. Although advised of his right to do so, Hines has declined to file a pro se supplemental brief. The Government has not filed a response brief. For the reasons that follow, we affirm.

We have reviewed the transcript of Hines' Fed. R. Crim. P. 11 hearing and conclude that Hines' guilty plea was knowing and voluntary and supported by an independent basis in fact. We thus affirm Hines' conviction.

We next consider the reasonableness of Hines' sentence. When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2012). Gall v. United States, 552 U.S. 38, 49-50 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly

2

outside the Guidelines range," is for abuse of discretion. Id. at 41.

The district court followed the necessary procedural steps in sentencing Hines, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) sentencing factors. The court provided sufficient reasoning for the sentence. Furthermore, the within-Guidelines sentence is presumptively substantively reasonable. See United States v. Bynum, 604 F.3d 161, 168-69 (4th Cir. 2010). Neither counsel nor Hines offer any ground upon which to question the substantive reasonableness of Hines' sentence, and we discern none. We thus conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Hines, in writing, of his right to petition the Supreme Court of the United States for further review. If Hines requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hines. We dispense with oral argument because the

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED